UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:                                                                    Chapter 11 – Subchapter V

BEAR'S FRUIT LLC.,                                       Case No. 25-43951 (JMM)

                                     Debtor.
--------------------------------------------------------X

## INTERIM ORDER AUTHORIZING USE OF CASH
## COLLATERAL BY DEBTOR PURSUANT TO 11 U.S.C. SECTION 363

UPON the motion dated August 22, 2025 (the "Motion") **[ECF No. 9] (JMM)** of Bear's

Fruit LLC, the above-captioned debtor and debtor-in-possession (the "Debtor") seeking authority

to, *inter alia*, use cash collateral in which Express Trade Capital, Inc.("Express Trade") and the

United States Small Business Administration (the "SBA") may assert a security interest pursuant

to sections 363(c)(2) and 361 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the

"Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 4001; and an interim hearing

having been held on August 27, 2025 (the "Interim Hearing"), and no objections to the Motion

having been filed, and upon the record taken at the Interim Hearing, subject to the terms of this

Interim Order, and all of the pleadings heretofore filed in this proceeding, it is hereby found and

determined as follows:

A.       On August 15, 2025 (the "Petition Date") the Debtor filed a voluntary petition for

relief under Subchapter V of Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") and has

continued in possession of its property and the management of its business pursuant to sections

1107 and 1108 of the Bankruptcy Code.

B.       As of the date hereof, the Bankruptcy Court has not authorized the appointment of

an Official Creditors' Committee as provided for in section 1102 of the Bankruptcy Code.  Gerard

R. Luckman has been appointed Subchapter V trustee. No examiner has been heretofore appointed

in this proceeding.

C.  In furtherance of the Debtor's business, in the prepetition period, the Debtor entered into a factoring arrangement (the "Pre-Petition Factoring Arrangement") with Express Trade Capital, Inc.  There exists a current outstanding balance of approximately $40,000.00 under the Pre-Petition Factoring Arrangement. Express Trade holds a perfected, first priority lien on certain of the Debtor's assets, including, among other things, its accounts receivable and inventory, which property constitutes cash collateral within the meaning of section 363 of the Bankruptcy Code.

D.  In 2020, the Debtor entered into a loan agreement (the "SBA Loan") with the United States Small Business Administration on a thirty (30) year basis for (amount) approximately $99,925.91 on a fixed interest rate of 3.75%.

E.  The SBA loan granted the SBA a security interest in, among other things, all of the Debtor's tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, and (c) instruments, including promissory notes. SBA's security interest in the Cash Collateral was perfected pursuant to a UCC-1 Financing Statement filed on the Debtor, on June 5, 2020, with the New York Secretary of State.  The Debtor believes, however, that the related UCC-1 has lapsed.

F.  The term "Cash Collateral" shall mean and include all "cash collateral," as that term is defined by 11 U.S.C. § 363, in or on which Express Trade and/or the SBA have liens that attach and/or a security interest.

G.  The Debtor's use of Cash Collateral is essential to the continued preservation and maximization of the Debtor's estate.

H.  Express Tarde and the SBA are entitled to receive adequate protection within the meaning of, and pursuant to 11 U.S.C. § 363(e), for any decrease in the value of their interest since

the Petition Date in the Cash Collateral as set forth in this Interim Order.

I.    Continued use of the Cash Collateral on an interim basis, pending a final hearing, is necessary to prevent immediate and irreparable harm to the Debtor's estate in that without authorization to use the Cash Collateral, the Debtor's ability to sustain its operations and meet its current, necessary, and integral business obligations will be impossible.

J.    The value of Debtor's estate will be maximized by the continuation of the Debtor as a going business, and the use of the Cash Collateral is essential to such operation.

**BASED UPON THE FOREGOING,** it is hereby ORDERED as follows:

1.    The Motion is GRANTED on an interim basis.  Effective immediately and continuing through and including **September 11, 2025** at **5:00 p.m**. (the "Interim Period"), the Debtor is authorized to use the Cash Collateral on an interim basis subject to the terms of this Interim Order and in accordance with the budget annexed ~~hereto~~ **to the Motion (JMM)** as **Exhibit A,** subject to a 10% variance or further order of this Court.  At the Final Hearing (as defined below), the Court will consider the Debtor's request to use Cash Collateral after the Interim Period.

2.    In return for the authorization to use Cash Collateral, as reflected in the Budget, the Debtor shall make a monthly adequate protection payment of $7,500.00 to Express Trade on the first day of the month, starting with September 1 and thereafter.

3.    This Court has jurisdiction over these proceedings and the parties and property affected hereby pursuant to 28 U.S.C. § 1334.  This is a "core" proceeding pursuant to 28 U.S.C. § 157.  Venue is proper in this Court pursuant to 28 U.S.C. § 1408.  Notice of relief sought herein was adequate and appropriate in the current circumstances of this Chapter 11 case as contemplated by 11 U.S.C. § 102(1)(A) and Federal Rule of Bankruptcy Procedure 4001(b)(2).

4.    In addition to the existing rights and interests of Express Trade and the SBA in the

Cash Collateral and for the purpose of adequately protecting them from Collateral Diminution,[1] Express Trade and the SBA are hereby granted valid, enforceable, fully-perfected, security interests (the "Replacement Liens"), to the extent that said Pre-Petition Liens were valid, perfected and enforceable as of the Petition Date and in the continuing order of priority that existed as of the Petition Date, to the extent of, and as security for any decrease in the value of any interest in the Cash Collateral since the Petition Date in, to and upon all existing and hereafter-acquired property of Debtor of any kind or nature including, but not limited to, Debtor's real, personal, tangible and intangible property, as well as any and all proceeds, products, offspring, rents and profits thereof, in the same validity, order and priority as the Pre-Petition Liens, subject, in accordance with the priority as set forth herein, provided that the Replacement Liens shall not attach to any Chapter 5 causes of actions or any proceeds of such actions and shall be subordinate only to: (i) United States Trustee fees pursuant to 28 U.S.C. section 1930, together with interest, if any, pursuant to 31 U.S.C. section 3717, the fees of the Subchapter V Trustee, and any Clerk's filing fees; and (ii) the fees and commissions of a hypothetical Chapter 7 trustee in an amount not to exceed $10,000. In addition, the Replacement Liens granted hereby shall not attach to the proceeds of any recoveries of estate causes of action under sections 542 through 553 of the Bankruptcy Code.

5.    All of the Debtor's expenditures shall be specifically accounted for in detailed monthly operating reports which the Debtor shall file with the Bankruptcy Court.  The Debtor shall promptly provide to Express Trade and the SBA any and all financial information reasonably requested by either or both of them, and shall permit Express Trade and/or the SBA, upon prior reasonable notice, to review its books and records with respect to the subject matter of this Interim

---

[1]    For purposes of this Interim Order, "Collateral Diminution" shall mean any diminution in value of the interests in Debtor's property as of the Petition Date by reason of Debtor's use of Cash Collateral in accordance with this Interim Order.

Order and make copies thereof during normal business hours.

6.      The security interests and liens herein granted and regranted, including the Replacement Liens: (i) are and shall be in addition to, and not in substitution of, all security interests, liens, encumbrances, and rights of set-off existing in favor of Express Trade and the SBA on the Petition Date, or other rights of theirs currently existing or hereinafter arising; (ii) shall secure, in whole or in part, the payment of indebtedness to Express Trade and the SBA. This Interim Order shall be sufficient and conclusive evidence of the validity of the Replacement Liens.

7.      Express Trade and the SBA shall have the right to assert a super-priority claim pursuant to 11 U.S.C. § 507(b), and the Debtor shall have the right to its defenses to such a claim.

8.      For avoidance of doubt, the Replacement Liens and security interests granted herein are automatically deemed perfected upon entry of this Interim Order without the necessity of Express Trade and/or the SBA taking possession, filing financing statements, mortgages, or other documents.

9.      The Debtor shall maintain all necessary insurances, including, without limitation, liability and workmen's compensation as may be required, and obtain such additional insurances in an amount as is appropriate for the businesses in which the Debtor is engaged.

10.      The right of Debtor to use the Cash Collateral shall terminate immediately upon the occurrence of any of the following events:

    a)      the entry of an order of the Court converting or dismissing the Chapter 11 Case;

    b)      the entry of an order of the Court confirming a plan of reorganization in the Chapter 11 Case;

c)      the failure of the Debtor (i) to perform any of its obligations under this Interim Order (a "Default"), and (ii) to cure such Default within ten (10) business days after the giving of written notice thereof to the Debtor and the United States Trustee (the "Cure Period");

d)      the amendment, supplementation, waiver or other modification of all or part of this Interim Order without Express Trade and the SBA having been given at least seventy-two (72) hours advance, written notice, by overnight service upon them (unless otherwise prescribed by the Bankruptcy Court having jurisdiction over Debtor's case). However, in no event shall the Debtor seek emergency relief concerning this Interim Order from the Court without Express Trade and the SBA having been given at least twenty-four (24) hours advance, actual notice (via telephone or electronic mail); or

e)      the termination of all or substantially all of the operations of the Debtor, whether by voluntary act(s) or omission(s) of the Debtor, or otherwise.

11.      The automatic stay imposed by Section 362(a) of the Bankruptcy Code shall be, and hereby is, modified to the extent necessary to implement and effectuate the terms and conditions of this Interim Order.

12.      Nothing contained in this Interim Order shall be construed to create rights of third parties for or against Express Trade or the SBA not otherwise provided by law.

13.      Express Trade and/or the SBA may in their discretion, file a certified copy of this Interim Order in any jurisdiction in which the Debtor has or comes to have real or personal property, and in such event, the subject filing/recording officer is hereby authorized and directed

to file/record such certified copy.

14.     The provisions of this Interim Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court with the consent of Express Trade and the SBA and the Debtor.  If any or all of the provisions of this Interim Order are hereafter modified, vacated, or stayed by subsequent order of this Court or any other court, such stay, modification or vacatur shall not affect the validity and enforceability of any lien (including Replacement Liens), priority or benefit with respect to any indebtedness of the Debtor to Express Trade and the SBA.

15.      The findings contained in this Interim Order are binding upon the Debtor and all parties in interest (including but not limited to any statutory committee subsequently appointed in the Chapter 11 Case).

16.     This Interim Order shall be binding upon any subsequently appointed or elected trustee in a successor case under Chapter 7 of the Bankruptcy Code.

17.     The Bankruptcy Court shall retain jurisdiction with respect to all matters pertaining to this Interim Order.

18.     Objections to the final relief requested in the Motion shall be made in writing, filed with the Bankruptcy Court at the Court's website www.nyeb.uscourts.gov (log in and password required), with a copy delivered directly to the chambers of the Honorable Jil Mazer-Marino and served upon Davidoff Hutcher & Citron LLP, 120 Bloomingdale Road, Suite 100, White Plains, NY 10605, Attn: Robert L. Rattet, Esq., Email: rlr@dhclegal.com so as to be received no later than **September 3, 2025** at **5:00 p.m.**

19.     A hearing (the "Final Hearing") to consider the relief requested in the Motion on a final basis shall be conducted on **September 10, 2025** at **2:30 p.m.** before the Honorable Jil Mazer-Marino, United States Bankruptcy Judge, Eastern District of New York via webex. Parties wishing

to participate must register with eCourt Appearances in advance for all telephonic and videoconference appearances. eCourt appearances registration is required by both attorneys and non-attorney participants, who may find the program under the "Utilities" menu after logging on to CM/ECF. Those without CM/ECF accounts may access the program on the website at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances. You may register for hearings weeks in advance, but the telephone number and/or video link will not be emailed to you until forty-eight (48) hours before the hearing date. Those registering with eCourt Appearances less than forty-eight (48) hours in advance of the hearing should allow up to 15-minutes after registration to receive the email with the telephone number and/or video link. Those unable to access eCourt Appearances must email Judge Jil Mazer-Marino's Courtroom Deputy at: jmm_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing. Your email must include your name, the case number(s), who you represent (if you are an attorney), hearing date, and phone number. Judge Jil Mazer-Marino's hearings are open to the press and the general public. Any person who desires to listen to a hearing as a nonparticipant need not register using eCourt Appearances, but should email Judge Jil Mazer-Marino's Courtroom Deputy at jmm_hearings@nyeb.uscourts.gov least two (2) business days prior to the hearing to obtain the telephone number and/or video link. They will email the telephone number and/or video link for your hearing.

20.    <u>Challenge Period</u>:  Any party in interest (other than the Debtor) shall have at least 75 days (or a longer period as the Court orders for cause shown before the expiration of such period) from the entry of the final financing order to investigate the facts and file a complaint or a motion seeking authority to commence litigation as a representative of the estate to challenge the liens of Express Trade and the SBA.  Upon any conversion of this Chapter 11 case to a Chapter 7

case, to the extent that any period to investigate the facts and file a complaint or a motion seeking authority to commence litigation as a representative of the estate has not expired, such period shall automatically be extended for 75 days from the date a Chapter 7 trustee is appointed.

21.    Except as otherwise provided herein, or by order of the Court, all demands, notices, requests, consents, reports, or other communications provided for hereunder shall be made in writing, and shall be deemed to have been given either upon (i) personal delivery, by courier or messenger service, and acknowledgment, by any officer (or authorized recipient of deliveries to the office) of the party to whom given, as of the date and time so acknowledged, or (ii) due deposit into the United States mail, by first class mail.  In all cases, such demands, notices, requests, consents, reports, or other communications shall be dispatched to the following addresses (or such other addresses as may be furnished hereafter, by written notice given in accordance with the terms of this paragraph):

In the case of Express Trade:

> Express Trade Capital, Inc.
> 1410 Broadway, Suite 2600
> New York, NY 10018
> Attn: Ben Ellis
> Tel: 212-997-0155 x271

In the case of Debtor:

> Robert L. Rattet, Esq.
> Davidoff Hutcher & Citron LLP
> 120 Bloomingdale Road, Suite 100
> White Plains, NY 10605
> Phone: (914) 381-7400
> Email: rlr@dhclegal.com

In the case of the U.S. Trustee:

> United States Attorney's Office, Eastern District
>
> U.S. Department of Justice

Office of the United States Trustee-EDNY
Region 2– Brooklyn Division
Alexander Hamilton Custom House
One Bowling Green, Room 510
New York, NY 10004-1408
Attn: Jeremy Sussman
Email: Jeremy.S.Sussman@usdoj.gov>

In the case of the Subchapter V Trustee:

Forchelli Deegan Terrana
333 Earle Ovington Bld., Suite 1010
Uniondale, NY 11553
Attn: Gerard Luckman
Email: gluckman@ForchelliLaw.com

22.     **The Debtor shall promptly serve (but in no event later than September 2, 2025)
copies of this Interim Cash Collateral Order to the Noticed Parties (as defined in the Interim
DIP Order entered contemporaneously herewith) and to any party that has filed a request
for notices with this Bankruptcy Court by first class mail and by email (to the extent email
addresses are available). (JMM)**



Dated: August 29, 2025
        Brooklyn, New York

Jil Mazer-Marino
United States Bankruptcy Judge